Robertson, J.
It is plain from the language of the written clause in the policy in question, which determines the employment of the vessel whose freight is the subject of insurance therein, that such employment is controlled by a trade and not mere voyages. A trade between places comprehends voyages between them, but may include something more; especially when so wide a latitude is given to its boundaries as the principal ports in the United States and Europe^ and the Pacific and Indian oceans and Ohina seas.
*109 The principal if not only embarrassment in interpreting the clause in question, arises from the difficulty of determining whether a single trade or two trades are described in it. Two different trades, one between the United States’ Atlantic ports and the Pacific and other oceans spoken of in such clause, and the other between the therein designated European ports and the same oceans, may be known to dealers in insurance, (Coit v. Commercial Ins. Co., 7 J. R., 385,) or there may be but one kind of trade, in which the same oceans may furnish one of the termini of the voyages in such trade, and the same American or European ports, indiscriminately, the other; and the word “trade,” in the singular, may have- been employed for that reason. It would also be possible that the course of trade might permit a reinvestment in Europe of the proceeds of a cargo brought from Asia to Europe, in a cargo for the American market so as to preserve the continuous unity of the trade; or it might be only necessary and sufficient for the same purpose to bring to the United States part of the cargo shipped in Asia, after landing another part in Europe; or, vice versa, the reinvestment in Europe of the proceeds of a cargo brought from America, in a cargo suited for the Asiatic market, or a reservation of part of it for the final port, might still keep the adventure single, or a round voyage. The Court, however, cannot take judicial notice of the character of such trade or trades, (Child v. Sun Mut. Ins. Co. 3 Sandf., 26,) and no evidence was furnished on the trial relating to them; indeed, the defendant was precluded from introducing any evidence on the subject.
On the other hand the plaintiffs did not introduce any evidence, either to show that the loss occurred in any special trade, or to sustain the allegation in the complaint that a trade between each and all of the places or ports named in the policy was usually designated by the terms employed therein. They rest their right to recover, therefore, solely on the position that the word “or,” which creates an alternative, is to be read “and,” (or rather, perhaps, as there is a subsequent copula, be actually omitted,)—and then, voyages *110 between any of .the places and ports named, and any other of them are to be assumed as intended by “ the trade” between them i and they claim that without such a change the clause would be insensible and void, because it contains an alternative without affording the means of determining it.
I do not perceive that the proposed change of substituting “ and ” for “ or,” or even dropping the last altogether, without some other change, would materially aid the plaintiffs without some other change, as there are no- less than three other “ ands” in the sentence, which seriously affect its construction ; that one which connects the three named European ports together, literally construed, requires the particular trade to be conducted by voyages between all those ports, and any other named place; while the last one would require the trade to be conducted by voyages between the Pacific ocean, Ohina seas (including the places named) and ports in the Indian ocean, and any other named place. To make the sentence complete, so as to read as the plaintiffs’ case demands, it requires the words “or any one or more of them” to be added after the enumeration of the European ports named, and the words “or any where in such oceans, “ seas, or ports,” after the names of the specified sea or ocean. It would then read, “ Between the Atlantic ports “of the United States and the ports of London, Liverpool “and Havre, or any one or more of them, “and the Pacific ocean, Ohina seas, (including, &c.,) and “ports in the Indian' ocean, or any where in such oceans, “ seas or ports.” The voyage in which the vessel in question was actually lost was not in a trade between America and the ports of London, Liverpool and Havre, but between it and Liverpool alone, being only one of such ports. The changes and additions thus rendered necessary for the plaintiffs’ purposes seem to be too extensive for any rule of mere interpretation to justify.
But the whole basis of the argument for the necessity of change is removed, if the law furnishes a means of determining the apparent alternative. A right of electing, vested in either party to the contract, would do so. Lord Coke lays *111 it down, that “ in case- an election be given of two several " things, always he that is the first agent, and which ought to do the ‘ ‘ first act, shall have the election/’ (Co. Litt., 145, a;) and the right of election has been, in numerous cases, held to be conferred on the party to be benefited by a contract, where he is the active party, and such contract is silent as to the party who shall make the election. (Disborough v. Neilson, 3 J. Cas., 81; Smith v. Sanborn, 11 J. R.,59; Layton v. Pearce, Doug., 16; Small v. Quincy, 4 Greenl., (1 Bennet’s ed.,) 497.) In regard to policies of insurance, it must essentially be so, and has been adopted without demur; thus, in Kane v. The Columbian Ins. Co., (2 Johns. R., 264,) it was held that where an insurance is to several places, and the assured intends to go to but one of them, he may go there first, at his election, although, if to more than one, he must observe the order in which they are mentioned in the policy. In Tredenburgh v. Gracie, (4 J. R., 444, n,) the insurance was “ at and from any port or ports in the West Indies, and at “ and from thence to Yew York,” without the policy containing anything to determine whether the voyage should be from one port or more; and the cargo was held to be covered on a voyage from one port to another in the West Indies. In Gilfert v. Hallet, (2 J. C,, 296,) liberty was given in the policy to touch at one or two places, the adventure to continue until the landing of the cargo insured, at one or two ports, no mode being specified of determining whether it should be one, or two, and the risk was held to continue after the landing of part of the cargo in one place. By analogy to such cases, a policy of insurance on freight in a trade between the Pacific ocean and American or European ports, or vice versa, as in the case before us, could hardly be held to be detached from the freight of that part of a cargo originally brought from the Pacific ocean or America, which should remain after the vessel bearing it should stop and land part of her cargo at a European port, particularly in case of a valued policy. If the vessel was engaged in either of the trades (if there were two) when the loss accrued, the policy should be considered as still attached, *112 as the stoppage at a port mentioned in the policy with part of the cargo could not well be considered a deviation as to that part which might afterwards be lost in a voyage to another port, (Keeler v. Fireman's Ins. Co., 3 Hill, 250,) particularly where the voyages insured are trading voyages. (Gilfert v. Hallet, 2 J.C., 296.) The election to be made may be considered as made when the vessel parts with all the cargo which can characterize the voyages in which she is engaged, as being in the trade between the Pacific ocean and European or American ports, or, as is possible, when she fails to continue that trade, after parting with such cargo, by taking on board a new cargo and sailing on a new voyage in such trade, after which the assured may be considered as having divested himself of the protection of the policy on the freight.
If the order of the termini of the trading voyages had been inverted in the clause under consideration, which, of course, would not alter the sense, I think no doubt could be entertained as to its legal effect.. If the employment of the vessel had been confined to a trade between the Pacific ocean, &c., and specified American or European ports, the most natural suggestion to add would be, whichever the assured may select; so that if the insurance was intended to cover the freight only while the vessel was engaged in one of those trades, both parties might allow and agree upon the price of incurring such risk, and fix a corresponding premium. If the vessel should be employed in any other trade of greater or less risk, during the allotted period, her freight could be withdrawn from the protection of such insurance, to be regained upon her re-employment in the specified trade.
Even the rule that words are to be construed in a policy of insurance most strongly against the underwriters, as the promisors,'is not applicable upon the question of the obligatory character of the contract as at present worded, and the necessity of a change to give it any effect; such rule is only of value when two interpretations may be given to. the same words, and the question is between *113 them, and not when it is to be determined that no interpretation can be so given to the words as they stand, so as to make a binding contract.
The clause in question does not appear to be capable of the interpretation, that the two trades intended, if there were two, might have been, one between American ports alone, and another between the specified European ports and the Pacific ocean, &c.: Such a construction would require a repetition of the proposition “ between,” immediately before the names of the European ports, so as to separate the oceans and seas enumerated from the American ports, and prevent the application of the first “ between ” to them. A contest between Americans or Europeans and Ohinese.could never be construed, grammatically, to mean a contest between Americans among themselves, or between Europeans and Ohinese, and substituting trade for contest, and taking ports instead of people, will not alter the sense.
I do not find, therefore, a necessity existing, in order either to sustain the policy as a binding contract, or to carry nut an otherwise manifest intention in the instrument, that there should be a change of the disjunctive into the conjunctive conjunction, or any other alteration in the language. As a commercial instrument in reference to a subject perfectly well understood between the parties themselves, although not expressed with the utmost fullness and accuracy, it is sufficiently capable of definite construction.
I have heretofore examined the question of the con.struction of the clause in controversy, without the aid of, or reference to, any extrinsic evidence-; but what little appears in the case gives some support to the view that, among underwriters and assured, the trade insured was considered as one and entire; in the book of rates introduced by the plaintiffs, a voyage by clippers such as the vessel in question, between London, Liverpool, or Havre and America, was considered a different voyage from those specified in the clause in such book similar to the one under consideration, and subject to a higher rate *114 of premium; while the voyages, if there be more than one composing the trade or trades in question, if there be several, are mentioned in one clause; indeed, the underwriters seemed so much to look upon it as one trade or venture, that they originally connected the mention of the European ports with that of the American by an “and,” and afterwards changed it to an “or,” perhaps through apprehension' of the application of the very construction now contended for by the plaintiffs. The description also of the voyage as being “ one out and bad: to a port in die United States or a port in Europe,” in the exception after-wards adopted,-is very significant; it is very clear, however, that in such book of rates, the underwriters, by the clause similar to that in question, did not intend to insure voyages to and fro between Hew York and Liverpool, disconnected from a trade with the Pacific, Ohina, the East Indies and Australasia. The question, therefore, put by the defendants’ counsel, as to the course of trade of such vessels as that in question, on voyages between either the United States Atlantic ports or the European ports named in the policy, and the Pacific ocean and other places named therein, was pertinent to show what was meant by the trade mentioned in the policy, whether there was one trade or two, or one was part of the other, and it should have been allowed. Perhaps the plaintiffs were bound in the first place to show what the trade was, and thafthey were within the terms of the policy,, in order to recover at all; and, perhaps, they may be able to establish the allegation in the complaint, that a trade, such as they were engaged in at the time of the loss, was usually described by underwriters and assured in the terms of the policyboth these matters can be better determined on a new trial. If the defendants do not choose to rely upon the interpretation of the clause as it stands, as giving the plaintiffs an election to choose the trade in which they would employ the vessel, if there were two mentioned, they also have a right to introduce testimony to show whether there are not two distinct trades known to persons dealing in insurance, or *115 only one, and that there is in fact no alternative in the clause in controversy.
There must, therefore, be a new trial, with, costs-to. abide the event.